UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,　　　　　　　　Case No. 21-cr-20048
　　　　　　　　　　　　　　　　　Honorable Judith E. Levy
vs.

D-1 Jayanti Jones,

        Defendant.

---

**Preliminary Order of Forfeiture**

---

Based on defendant Jayanti Jones' guilty plea to Count One, Conspiracy to Commit Bank Robbery, a violation of 18 U.S.C. §§ 371 and 2113(b), the Government's Application for Entry of Preliminary Order of Forfeiture, all information contained in the record, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, and Federal Rule of Criminal Procedure 32.2, IT IS HEREBY ORDERED THAT:

    1.    The following property is **FORFEITED** to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461: $49,590.00 U.S. Currency ("Subject Property") for disposition according to law, and any right, title, or interest of defendant, and any right, title, or interest that his heirs, successors or assigns have, or may have, in any of the Subject Property is forever extinguished.

3. Pursuant to Fed.R.Crim.P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to defendant at sentencing and the forfeiture of the Subject Property shall be made part of the defendant's sentence and shall be included in his Judgment.

4. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any proceedings to comply with the statutes governing third party rights, including giving notice of this Order. Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P. 32.2, and other applicable rules, the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity who appears to be a potential claimant, with standing, to contest forfeiture in an ancillary proceeding. The aforementioned notice shall direct that any person, other than the defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting

an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

5. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

6. If no third-party files a timely petition for any of the Subject Property before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture as provided in Fed. R. Crim. P. 32.2(c)(2).

7. If a third-party files a timely petition for ancillary hearing regarding any of the Subject Property, the Court shall enter a final order of forfeiture by amending this Preliminary Order of Forfeiture as necessary to account for any third-party rights as provided under Fed. R. Crim. P. 32.2(c)(2).

8.    Pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law following the Court's disposition of any petitions for ancillary hearing, or, if none are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for filing such a petition.

9.    The Court shall retain jurisdiction to enforce this order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Date: July 10, 2023                          s/Judith E. Levy
                                                Honorable Judith E. Levy
                                                United States District Judge